UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA C. GOMEZ,<br><br>        Plaintiff,<br><br>   v.<br><br><br>THE COUNTY OF FRESNO, et al.,<br><br>        Defendants. | Case No. 1:16-cv-00122-AWI-BAM<br><br>**SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br><br>THIRTY-DAY DEADLINE |

**INTRODUCTION**

Plaintiff Amanda C. Gomez ("Plaintiff") is proceeding pro se and in forma pauperis in this civil action. Plaintiff's complaint, filed on January 26, 2016, is currently before the Court for screening.

**A. Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court applies the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of

1

1    a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*,

2    556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v.*

3    *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

4        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

5    relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

6    "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . .

7    'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556

8    U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all

9    factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions

10    as true. *Iqbal*, 556 U.S. at 678.

11        **B.**     **Plaintiff's Allegations**

12        Plaintiff brings suit against the County of Fresno, the Fresno Police Department and the

13    Federal Bureau of Investigation.

14        Plaintiff alleges as follows: "In May 2015 me and my husband seperated [sic] due to our

15    mental health conditions and concerns of comanding [sic] voices He would believe and react out

16    violently towards me too." (Doc. 1 at 5). As relief, Plaintiff states the following: "5/29/15 the

17    police were aware he had been abusing me only walking him out the home with one child after

18    complaining he returned 6/4/15 Almost Taking my life from me 8/4/15 I testified in regards to the

19    Incident." (Doc. 1 at 6). Plaintiff attaches a number of exhibits to her complaint, which are

20    comprised of police event reports and court records.

21                             **DISCUSSION**

22        Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

23    state a claim upon which relief can be granted. Plaintiff will be granted leave to amend her

24    claims to the extent she can do so in good faith. To assist Plaintiff, the Court provides the

25    relevant pleading standards.

26        **1.**     **Federal Rule of Civil Procedure 8**

27        Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain

28    statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As

1   noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the

2   elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*,

3   556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as

4   true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting

5   *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are

6   not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

7          Although Plaintiff's complaint is short, it lacks important details regarding what

8   happened, when it happened and who was involved.  Absent this basic factual information, the

9   Court cannot determine whether Plaintiff states a cognizable claim.  Further, Plaintiff's complaint

10   fails to provide any information regarding the nature of her claims or the underlying causes of

11   action.  In other words, the Court cannot ascertain what legal claims she is attempting to assert

12   against which defendants or even how certain defendants, such as the County of Fresno or the

13   Federal Bureau of Investigation, are involved in this action.

14          **2.      Linkage Requirement**

15          Although unclear, it appears that Plaintiff may be attempting to pursue civil rights claims.

16   The Civil Rights Act provides:

17   > Every person who, under color of [state law] ... subjects, or causes to be
     > subjected, any citizen of the United States ... to the deprivation of any rights,
18   > privileges, or immunities secured by the Constitution ... shall be liable to the party
     > injured in an action at law, suit in equity, or other proper proceeding for redress.
19

20   42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between

21   the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See*

22   *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v.*

23   *Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a]

24   person 'subjects' another to the deprivation of a constitutional right, within the meaning of

25   section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to

26   perform an act which he is legally required to do that causes the deprivation of which complaint is

27   made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

28

3

1    Plaintiff fails to specifically link any of the named defendants in this action to her claims.

2    If Plaintiff elects to amend her complaint, she must allege what each defendant did or did not do

3    that resulted in a violation of her constitutional rights.

4    **3.    Defendant Fresno Police Department**

5    Plaintiff names the Fresno Police Department.  To the extent Plaintiff is attempting to

6    pursue a civil rights claim against the Fresno Police Department, she may not do so.  A claim for

7    civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" acting under color of state

8    law. 42 U.S.C. § 1983.  Local governmental units, such as counties or municipalities, are

9    considered "persons" within the meaning of Section 1983. *Will v. Michigan Dept. of State Police*,

10   491 U.S. 58, 70, (1989). However, municipal departments and sub-units, including police

11   departments, are generally not considered "persons" within the meaning of Section 1983. *United*

12   *States v. Kama*, 394 F.3d 1236, 1239 (9th Cir.2005) (Ferguson, J., concurring) (municipal police

13   departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C.

14   § 1983); *see also Sanders v. Aranas*, No. 1:06–CV–1574 AWI SMS, 2008 WL 268972, at *2–3

15   (E.D. Cal. Jan. 29, 2008) (Fresno Police Department not a proper defendant because it is a sub-

16   department of the City of Fresno and is not a person within the meaning of § 1983).  The Fresno

17   Police Department is not a proper defendant because it is a subdivision of the municipality.

18   **4**.    **Leave to Amend**

19   "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so

20   requires.'"  *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)

21   (quoting former Fed. R. Civ. P. 15(a)).  As Plaintiff is proceeding pro se, she will be given an

22   opportunity to amend his claims to cure the identified deficiencies.

23   **CONCLUSION AND ORDER**

24   Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

25   state a cognizable claim.  As noted above, the Court will provide Plaintiff with the opportunity to

26   file an amended complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may

27   not change the nature of this suit by adding new, unrelated claims in her amended complaint.

28   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

1    In the amended complaint, Plaintiff shall state as briefly as possible the facts of the case,

2    describing how each defendant is involved.  For each claim, Plaintiff shall clearly and succinctly

3    state the facts identifying the actions or omissions by each defendant that led to a knowing

4    violation of Plaintiff's federal rights.

5    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

6    the named defendant did that led to the deprivation of Plaintiffs' constitutional rights, *Iqbal*, 556

7    U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must

8    be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555

9    (citations omitted).  Plaintiff should omit any case law or legal analysis and argument.

10    Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

11    *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

12    complaint must be "complete in itself without reference to the prior or superseded pleading."

13    Local Rule 220.

14    Based on the foregoing, it is HEREBY ORDERED that:

15    1.    Plaintiff's complaint is dismissed for failure to comply with Federal Rule of Civil

16    Procedure 8 and failure to state a cognizable claim;

17    2.    Within thirty (30) days from the date of service of this order, Plaintiff shall file a

18    first amended complaint;

19    **3.    If Plaintiff fails to file a first amended complaint in compliance with this**

20    **order, this action will be dismissed for failure to obey a court order.**

21

22    IT IS SO ORDERED.

23    Dated:    **February 12, 2016**                    /s/ *Barbara A. McAuliffe*        _
24                                                             UNITED STATES MAGISTRATE JUDGE

25

26

27

28