UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA C. GOMEZ,<br><br>           Plaintiff,<br><br>      v.<br><br>THE COUNTY OF FRESNO, et al.,<br><br>           Defendants. | Case No. 1:16-cv-00122-AWI-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF THIS ACTION FOR FAILURE TO OBEY A COURT ORDER** |

Plaintiff Amanda C. Gomez ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil action on January 26, 2016. (Doc. 1). On February 12, 2016, the Court issued an order dismissing Plaintiff's complaint for failure to state a cognizable claim. The Court directed Plaintiff to file a first amended complaint within thirty (30) days from service of the order. (Doc. 6). More than thirty days have passed and Plaintiff has failed to comply with this Court's order.

**DISCUSSION**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A

court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that Plaintiff intends to prosecute this action. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order directing Plaintiff to file an amended complaint was clear that dismissal would result from non-compliance with the Court's order. (Doc. 6 at 5).

## CONCLUSION AND RECOMMENDATION

Based on the above, **IT IS HEREBY RECOMMENDED** that this action be

**DISMISSED** for Plaintiff's failure to comply with a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 23, 2016**              /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE